IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-25-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILLIAM FRAZIER, III | ) | |

This matter is before the Court on defendant's *pro se* motion for early termination of

supervised release. [DE 31].

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised

release and discharge the defendant" after the defendant has served one year of supervised

release provided that certain conditions are met. First, the Court must consider certain factors set

forth in 18 U.S.C. § 3553(a). Second, the Court may terminate supervised release only "if it is

satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice." § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The

conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that

the early termination of supervised release is warranted by both the individual's conduct and also

by the interest of justice.").

While the Court commends defendant for his behavior, all defendants are required to

comply fully with the terms of their supervised release, and such compliance is insufficient to

warrant early termination. *See Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010)

(collecting cases). Upon review of defendant's motion, the letter from defendant's probation

officer to the Court, and consideration of the relevant § 3553(a) factors, the Court finds that

defendant's supervised release term remains sufficient but not greater than necessary to serve the interests of justice.

Accordingly, in its discretion, the Court declines to terminate defendant's term of supervised release early. Defendant's motion is DENIED. [DE 31]. Defendant is, however, APPROVED for travel.

SO ORDERED, this ___19___ day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE